**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

LOCKSLEY R. JOHNSON,

        Plaintiff,

v.

DEPARTMENT OF HIGHWAY SAFETY &
MOTOR VEHICLE/FLORIDA HIGHWAY
PATROL,

        Defendant.
_____/

## COMPLAINT

### NATURE OF ACTION

Plaintiff, LOCKSLEY R. JOHNSON (hereinafter referred to as "Plaintiff" or "Mr. Johnson"), by and through his undersigned attorney, **sue** Defendant Department of Highway Safety & Motor Vehicle/Florida Highway Patrol (hereinafter referred to as "Defendant" or "FHP") for damages in excess of $ 75, 000 for violations of his civil rights occurring during his employment relationship with Defendant. Plaintiff sues Defendant under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq*. ("Title VII"), the Civil Rights Act of 1871, as amended, and the Florida Civil Rights Act of 1992, Section 760.01 *et seq.*, Florida Statutes ("FCRA"). the Civil Rights Act of 1871, as amended, 42 U.S.C. Section 1981 ("Section 1981").

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq*. This action arises under 42 U.S.C. Sections 1981 and 1981a.

2. This Court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. Section 1367.

3. Plaintiff has exhausted his administrative remedies. Plaintiff filed two charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") based upon Retaliation, Race and National Origin. Plaintiff initiated this action within ninety (90) days of receipt of the U.S. Department of Justice Civil Rights Division Notice of Right to Sue on filed charges. All conditions precedent to institution of this action by Plaintiff has been fulfilled under Florida Statutes Notice of Claim To Governmental Entity under Section 768.28.

4. Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Southern District of Florida.

## PARTIES

5. The causes of actions contained in this complaint accrued in Dade County, Florida, within the purview of the Southern District of Florida.

6. Defendant is duly organized under the Division of Highway Patrol of the Department of Highway Safety & Motor Vehicles and exists under the laws

of the State of Florida, which can be sued under Fla. Stat. 768.28.

7. The violations described in the complaint resulted from the policies, customs, patterns, and practices of named government agencies and employees

## FACTUAL ALLEGATIONS

8. At all times material hereto, Plaintiff was employed by Defendant.

7. Plaintiff national origin is Jamaican. The Plaintiffs race is Black.

8. Plaintiff was promoted from Sergeant to Lieutenant on July 22, 2016. On or about July 21, 2017, the Plaintiff was demoted on the last day of Plaintiff's probation, from Lieutenant to Sergeant. The Plaintiff was given unfounded factual basis from his Supervisors that there was fraud, waste, and/or abuse was occurring. The claims revolved around false accusations against the Plaintiff whereby it was concluded that the Plaintiff claimed hours worked on hireback, when Plaintiff was not inside hireback zone. The Plaintiff refused to sign the demotion, however threats were made on termination if not signed.

9. An investigation was initiated by the Plaintiff and conclusions of the FHP were they were unfounded allegations against the Plaintiff.

10. The FHP as retaliatory action took action by implementing an audit of the Krome Avenue hireback detail on July 24, 2017. This quarterly audit was going to be on a monthly/quarterly basis. That the targeting of

Plaintiff's brother, Trooper Leon Johnson was done on July 25, 2017, which he has filed his own EEOC charge. FHP targeted as a result of race.

11. The decision to demote the Plaintiff was made by Supervisor Lt. Colonel Michael Thomas (hereinafter "Lt. Col Thomas"). Lt. Col Thomas Made his decisions based upon a pretext of racial discrimination towards Blacks and targeted Plaintiff because of his race and national origin. This was supported by evidence of Lt. Col. Thomas Facebook whereby he daunts a monkey mask (see attached exhibit), and this is within line of his views as evidence by other Facebook entries of his view on Mexicans.

12. This discriminatory pretext of Lt. Col. Thomas 's views as evidence on his Facebook, led to the demotion of Plaintiff which was solely based upon his race and national origin.

13. The Plaintiff is responsible for reasonable attorney fees.

## COUNT I

## DEFENDANTS HAVE VIOLATED TITLE VII
### (Disparate Treatment)

14. Plaintiff adopts and realleges paragraphs 1-13 above as if incorporated herein.

15. Plaintiff is a member of a protected class because of his national origin and race.

16. The Defendant is an employer that employs over 50 people, and is subject to 42 U.S.C. Section 2000e et seq.

17. Defendant treated Plaintiff with disparate treatment in the terms

and conditions of his employment.

18. The Defendant has intentionally discriminated against the Plaintiff in particular in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff .

19. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as an employee.

20. The unlawful employment practices complained of were intentional.

21. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

22. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II

## DEFENDANTS HAVE VIOLATED TITLE VII
## (HOSTILE WORK ENVIRONMENT)

23. Plaintiff adopts and realleges paragraphs 1-14 above as if incorporated herein.

24. Plaintiff is a member of a protected class because of his national origin and race.

25. The Defendant is an employer that employs over 50 people, and is subject to 42 U.S.C. Section 2000e et seq.

26. That the Plaintiff as a result Defendants conduct as set forth in the above paragraphs, Defendant treated Plaintiff with a hostile work environment in the terms and conditions of his employment due to his national origin and race.

27. The Defendant has intentionally discriminated against the Plaintiff in particular in violation of Title VII, 42 U.S.C. Section 2000e et seq. by hostile work environment against the Plaintiff.

28. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employee.

29. The unlawful employment practices complained of were intentional.

30. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

31. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendants awarding the Plaintiff compensatory, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT III

## DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

## (DISPARATE TREATMENT)

32. Plaintiff adopts and realleges paragraphs 1-14 above as if incorporated herein.

33. Defendant discriminated against Plaintiff because of his national origin and race, in violation of the FCRA.

34. That the Plaintiff treated Plaintiff with disparate treatment in the terms and conditions of his employment.

35. The Defendant has intentionally discriminated against the Plaintiff in particular in violation of FCRA by

disparate treatment of Plaintiff .

36. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as previous employee.

37. The unlawful employment practices complained of were intentional.

38. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's state protected rights.

39. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

### *Count IV*

**42 U.S.C. SECTION 1981-EQUAL RIGHTS UNDER THE LAW**

40. Plaintiff adopts and realleges paragraphs 1-14 above as if incorporated herein.

41.     Defendant discriminated against the Plaintiff because of his race as Black in violation of 42 U.S.C. Section, by creating, tolerating and fostering a race hostile and abusive work environment. 1981 " protects individuals from discrimination based Race in making and enforcing contracts, participating in lawsuits, and giving evidence." The Plaintiff were subject to numerous breaches of his employment due to his race and in violation of 1981 by Defendant failing to treat  Plaintiff without discriminatory basis.

42.     That his comparators were not treated like the Plaintiff as described in 1-14 paragraphs.

43.      The Plaintiff  was not provided the same terms, conditions and privileges as their Caucasian and Hispanic comparators.

44.      The Defendant has intentionally discriminated against Plaintiff in violation of 1981 by disparate treatment of Plaintiff, and violation of his protected rights as defined under 1981 based upon his race.

45.     The effect of the actions complained of as aforementioned has been to deprive the Plaintiff  of equal employment opportunities, and otherwise to adversely affect his status as employee  because of his race.

46.     The unlawful employment practices complained of were intentional.

47.      The unlawful employment practices against the Plaintiff  was done with malice or reckless indifference to the Plaintiff's federally protected rights.

48.      As a direct and proximate result of Defendant's unlawful

employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, , attorney's fees and costs, together with such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demand a trial by jury on all issues triable of rights by a jury.

Respectfully submitted,

Discrimination Law Center, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
(561) 271-1769 tel.

By:   /s/Jay F. Romano
       Jay F. Romano
       Trial Attorney
       Florida Bar No.: 0934097